KELLOGG, J., not voting.

---

FENSTERHEIM v. ABELES.

(Supreme Court, Appellate Term. June 27, 1907.)

1. VENDOR AND PURCHASER—CONTRACTS—BREACH—BURDEN OF PROOF.
Defendant sold certain premises to plaintiff and another, agreeing that the vendees should have the rent for November, 1905. B., a former lessee, had executed a release of his interest, and, the vendees claiming that some of the tenants had paid the November rent to B., defendant agreed to make good any rents collected for that month. Held, that the burden was on plaintiff, who had acquired the interest of his co-vendee in the contract, to show that B. had collected rent for November, and the amount collected.

2. EVIDENCE—ADMISSIONS—STATEMENTS OF THIRD PERSONS.
Defendant, having sold certain premises to plaintiff and another, agreed that they should have the rent for November, 1905, and that he would make good to the vendees any rents collected by B., a former lessee, who had released his interest. Plaintiff, having obtained the interest of his co-vendee in such contract, claiming that B. had collected rents to which he was entitled, obtaining six receipts for rent signed by B. from the tenants, and, in a suit to recover the same from defendant, testified that he had shown two of the receipts to B., who had admitted that he had collected the rent shown thereon; but neither B. nor the tenants were produced. Held, that neither the receipts nor B.'s unsworn admissions were binding on defendant; B. being in no sense defendant's agent.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel Fensterheim against Emil Abeles. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Lewkowitz & Schaap, for appellant.
Joseph Wilkenfeld, for respondent.

GILDERSLEEVE, J. The defendant sold certain premises to the plaintiff and one Tanz. By an agreement entered into between the parties the plaintiff and Tanz were to have the rents for the month of

November, 1905. One Baron, a lessee of the premises, had executed a release of his interest, and, the plaintiff and Tanz claiming that some of the tenants had paid the November rent to Baron, the defendant agreed to make good to the plaintiff and Tanz any rents that Baron might have collected for that month. Tanz subsequently assigned his interest in the premises and the agreement with the defendant to the plaintiff, who brought this action to recover from the defendant the amount of rent which he claimed Baron had collected from certain tenants for the month of November.

The plaintiff could only recover by showing that Baron had collected rent for November and the amount so collected. Six receipts for payment of rent were produced, signed by Baron. The plaintiff obtained these receipts from the tenants, and he testified that he showed two of them to Baron, and that Baron admitted that he had collected the amount of rents shown therein. The plaintiff also testified that he informed the defendant that Baron had collected $58 in rent for the month of November, and that defendant asked for time to locate Baron. Baron was not produced, nor are any of the tenants sworn, and the plaintiff's case rested wholly upon the receipts and Baron's statement as to payments received by him, and upon this testimony the plaintiff recovered a judgment. This testimony is insufficient to support the judgment. Baron was an independent lessee of the premises, and cannot in any way be regarded as the agent of the defendant, and his unsworn statements are not binding upon the defendant. The receipts signed by Baron are no better evidence of payment of rent to him than are his oral admissions of that fact, and that they were found in the possession of the tenants adds no force to the proof of payment as against the defendant. It is a well-known rule of law that "the best evidence of which the case in its nature is susceptible" (1 Greenleaf on Evidence, § 82) must be given. The testimony of Baron or of the tenants who have paid rent to Baron would have been the best evidence, and that evidence should have been produced or its absence accounted for.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.